# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>             Plaintiff,<br><br>    v.<br><br>C., *et al.*,<br><br>             Defendants. | Case No.  1:21-cv-01685-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

   Plaintiff Marvin Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 23, 2021, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  Plaintiff filed a certified copy of his prison trust account statement on December 2, 2021.  (ECF No. 6.)

   Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Although the complaint is difficult to understand, Plaintiff appears to allege that the law librarian at his institution denied him access to courts by refusing to make copies of a petition for a writ or a civil rights complaint, and this also constituted discrimination under the Americans with Disabilities Act.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Ripple v. Gomez*, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996 as frivolous); (2) *Harris v. Rehnquist*, Case No. 1:96-cv-01304-UNA (D.D.C.) (dismissed on June 11, 1996 for failure to state a claim); (3) *Harris v. Higgins*, Case No. 1:96-cv-01420-UNA (D.D.C.) (dismissed on June 19, 1996 for failure to state a claim); (4) *Harris v. Hickey*, Case No. 1:96-cv-05770-GEB-HGB (E.D. Cal.) (dismissed on April 7, 1997 as frivolous); (5) *Harris v. Hickey*, Case No. 1:97-cv-05186-REC-HBG (E.D. Cal.) (dismissed on July 28, 1997 as frivolous); (6) *Harris v. Coyle*, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999 as frivolous, as malicious, and for failure to state a claim); (7) *Harris v. Glass*, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000 for failure to state a claim); (8) *Harris v. Edmonds*, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000 for failure to state a claim); (9) *Harris v. Pliler*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002 for failure to state a claim); (10) *Harris v. Edmonds*, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002 for failure to state a claim); (11) *Harris v. Virga*, Case No. 2:13-cv-00932-GEB-AC (E.D. Cal.) (dismissed on July 8, 2013 as frivolous); (12) *Harris v. Harris*, Case No. 2:14-cv-00977-KJM-KJN (E.D. Cal.) (dismissed on July 31, 2014 as frivolous and for failure to state a claim); and (13) *Harris v. Campell*, Case No. 1:18-cv-01659-DAD-JLT (E.D. Cal.) (dismissed on April 30, 2020 for failure to state a claim and failure to obey a court order).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2021**         /s/ *Barbara A. McAuliffe*       
UNITED STATES MAGISTRATE JUDGE